Christopher Q. Pham, SBN: 206697
        E-mail: cpham@criterioncounsel.com
Marcus F. Chaney, SBN: 245227
        E-mail: mchaney@criterioncounsel.com
CRITERION COUNSEL, LAW CORPORATION
6355 Topanga Canyon Boulevard, Suite 326
Woodland Hills, California 91367
Telephone:   (818) 888-7540
Facsimile:   (818) 888-7544

Attorneys for Plaintiff
BOSE CORPORATION

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOSE CORPORATION, a Delaware Corporation,<br><br>            Plaintiff,<br><br>    v.<br><br>MEGA FULLER CORP., a California Corporation; TIANJING CUI; an Individual Residing In California, and DOES 1-10, Inclusive,<br><br>            Defendants. | Case No. 2:25-CV-11493<br><br>**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF:**<br><br>**(1) FEDERAL TRADEMARK INFRINGEMENT [15 U.S.C. § 1114/*Lanham Act* § 43(a)]**<br>**(2) FALSE DESIGNATION OF ORIGIN/UNFAIR COMPETITION/FALSE OR MISLEADING ADVERTISING [15 U.S.C. § 1125(a)];**<br>**(3) TRADEMARK DILUTION [15 U.S.C. § 1125(c)];**<br>**(4) UNFAIR BUSINESS PRACTICES [*BUSINESS & PROFESSIONS CODE* § 17200];**<br>**(5) DECLARATORY RELIEF;**<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW, Plaintiff BOSE CORPORATION, a Delaware Corporation (hereinafter "Plaintiff"), hereby allege as follows:

## PARTIES

1.    This case involves Defendants' reckless and intentional advertising, marketing, selling, and distribution of counterfeit audio headphones and speaker products bearing the famous BOSE® trademarks. Defendants continue to intentionally infringement on Plaintiff's federal registered trademarks after receiving four cease-and-desist and follow-up letters.

2.    Plaintiff BOSE CORPORATION ("BOSE") is now, and was at the time of the filing of this Complaint and at all intervening times, a Delaware Corporation, with its corporate headquarters in Framingham, Massachusetts, and with retail sales and distribution centers throughout the City of Los Angeles, County of Los Angeles, the State of California, and Plaintiff is duly authorized and licensed to conduct business in the State of California.

3.    Plaintiff alleges, on information and belief, that Defendant MEGA FULLER CORP. ("MEGA FULLER") is now, and was at the time of filing this Complaint, a California corporation doing business throughout the State of California and with its principal place of business in the County of Los Angeles. Defendant MEGA FULLER operates or is an affiliate of the ecommerce storefront under the seller ID "ctjginger" on www.ebay.com.

4.    Plaintiff alleges, on information and belief, that Defendant TIANJING CUI (also known as Tian Jing Cui) is now, and was at the time of filing this Complaint, an individual residing in the County of Los Angeles, State of California. Defendant CUI is the Chief Executive Officer, Secretary, and Chief Financial Officer of Defendant MEGA FULLER.

5.    Plaintiff alleges, on information and belief, that Defendant CUI is now, and was at the time of filing this Complaint, the primary and majority shareholder, member, manager, director, officer, and/or person in control of Defendant MEGA

FULLER.  Plaintiff is also informed and believe, and on that basis allege, that Defendant MEGA FULLER did not and do not have sufficient funding to assume responsibility for its actual and foreseeable liabilities, Defendant MEGA FULLER commingled its funds and assets with Defendant CUI's funds and assets, Defendant MEGA FULLER was and is undercapitalized, Defendant MEGA FULLER used and continue to use the same office or business location with Defendant CUI, Defendants manipulated their assets and liabilities for the benefit of one another, Defendant MEGA FULLER failed and continue to fail to observe corporate formalities required by law, Defendant MEGA FULLER was and continue to be a mere shell, instrumentality, or conduit for Defendant CUI and his individual businesses, and, as such, Defendant MEGA FULLER is the alter ego of Defendant CUI.  At all times relevant herein, Defendants MEGA FULLER and CUI had and have such unity of interest with one another that the individuality of the person and each business entity could not be separated; and therefore, the adherence to the fiction of the separate existence of the business entities would, under the particular circumstances, promote injustice and inequality.

6.     The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants herein named as DOES 1-10, inclusive, are unknown to Plaintiff.  Plaintiff, therefore, sues said Defendants by such fictitious names.  When the true names and capacities of said Defendants have been ascertained, Plaintiff will amend this pleading accordingly.

7.     Plaintiff further alleges that Defendants, and DOES 1-10, inclusive, sued herein by fictitious names, are jointly, severally and concurrently liable and responsible with the named Defendants upon the causes of action hereinafter set forth and shall henceforth be referred to collectively as "Defendants."

8.     Plaintiff is informed and believes and thereon alleges that at all times mentioned herein that Defendants, and DOES 1-10, inclusive, and each of them, were the agents, servants and employees of every other Defendant and the acts of

1  each Defendant, as alleged herein, were performed within the course and scope of
2  that agency, service or employment.

3  **JURISDICTION/VENUE**

4  9.    This Court has jurisdiction over the subject matter of the First, Second,
5  Third, and Fifth Causes of Action (violation of the *Lanham Act*) pursuant to 15
6  U.S.C. § 1121 and/or 28 U.S.C. §§ 1331 and/or 1338(a). This Court has jurisdiction
7  over the subject matter of the Fourth Cause of Action as this derivative claim stems
8  from the primary claims relating to violations of the federal *Lanham Act*.

9  10.    This Court has personal jurisdiction over the Defendants and venue is
10 proper in this judicial district because Defendants reside in this district, have their
11 principal place of business in this district, conduct business within this judicial
12 district and, on information and belief, a substantial part of the events or omissions
13 giving rise to these claims occurred in this judicial district, and have caused
14 damages to Plaintiff in this district.   The counterfeit BOSE® products were
15 purchased from California, paid with funds from a financial institution in
16 California, and Defendants purposefully shipped the counterfeit product in
17 California.   Venue is proper in this district because Plaintiff conducts substantial
18 business throughout the State of California, including in the City of Los Angeles.

19 11.    This Court also has specific jurisdiction since Defendants have
20 committed acts of trademark infringement and unfair competition in this district
21 and/or Defendants have sufficient minimum contacts with this district to such that
22 the exercise of jurisdiction over Defendants by this Court does not offend traditional
23 notions of fair play and substantial justice.   Among other things, Defendants have
24 advertised, offered to sell and has sold products that infringe the trademarks of
25 Plaintiff to consumers within this judicial district.   Defendants have also offered to
26 sell and actually sold counterfeit products (described more fully below) using an
27 interactive Internet website and knowing or having reason to know that consumers
28 throughout the United States, including within this judicial district, would purchase

said counterfeit goods from Defendants, believing that they were authentic goods manufactured and distributed by Plaintiff or its authorized manufacturers.

## **GENERAL ALLEGATIONS**

A.    THE BOSE FAMOUS TRADEMARKS

12.    Plaintiff was founded in 1964 by Dr. Amar G. Bose.  BOSE designs, develops, manufactures, and supports a wide range of audio products including headphones, earbuds, speakers, home theater systems, automotive music systems, and aviation headsets for pilots.  Through extensive research and engineering, Plaintiff has developed groundbreaking audio technology and innovative products, including its QuietComfort® noise cancelling headphones.

13.    For over 60 years, BOSE products and technologies have changed norms, defied trends, and delighted people all over the world.  Since its founding in 1964, it has been Bose's philosophy—inspired by Dr. Amar G. Bose, a graduate of and professor at the Massachusetts Institute of Technology—to create what has not been done before. To that end, BOSE has always invested heavily in researching, developing, engineering, and designing proprietary technologies that separate it from its competitors. BOSE developed the first commercially-successful "surround sound" speaker in 1968, the first premium car audio system in 1983, the revolutionary Acoustic Wave Music System in 1984, the first active noise cancelling aviation headset in 1986, the first active noise cancelling consumer headphones in 1999, the first high-quality mobile speaker on the market in 2011, and the first commercially successful active noise cancelling wireless earbuds in 2020, just to name a few.

14.    Plaintiff's high-performance electronic audio products include professional loudspeakers, bookshelf speakers, factory-installed sound system custom-designed for specific automobiles (*i.e.,* Chevrolet, GMC, Maserati, and Porsche, to name a few), portable digital music systems, home theater systems, aviation headsets, and around-ear and in-ear noise cancelling headphones.

15.    Plaintiff sells its wide array of high-performance electronic audio products through its authorized retail stores and authorized dealers such as Best Buy, Walmart, and Target, on ecommerce websites such as Amazon.com, and through its own website www.bose.com.  BOSE advertises its products bearing the Marks in all these retail venues and websites.

16.    Plaintiff has built its reputation with an uncompromising commitment to developing high-performance audio products that create exceptional audio quality and sound.  Plaintiff has spent substantial resources and effort to inform customers of the benefits of Plaintiff's products and to develop consumer recognition and awareness of its trademarks in the United States and the world.  Through extensive use of the Plaintiff's Marks, including the singular famous BOSE® trademark, Plaintiff has built and developed substantial goodwill and recognition in their entire product line throughout the State of California, the United States, and the world.

17.    Because it invests so heavily in advertising and marketing, BOSE relies on trademark registrations to protect its investments. Plaintiff owns more than one hundred active trademarks in the US, with many more trademarks registered in foreign countries throughout the world.  BOSE's success depends in substantial part on its ability to create, maintain, and protect its trademarks through enforcement of its brand.  BOSE must actively police its brand against counterfeits, fakes, replicas, knock-offs, and infringing products because the BOSE® names and logos are widely recognized throughout the United States as a provider of high-quality audio and stereo products.

18.    Plaintiff is the exclusive owner of numerous federally-registered trademarks issued by the United States Patent and Trademark Office ("USPTO").  The following is a partial (non-exhaustive) list of the registered trademarks owned by Plaintiff' (the "Marks"):

| Mark | Reg. No. Reg. Date | Goods and Services (Summary) |
|---|---|---|
| BOSE | 991271 08/20/1974 | for loudspeaker systems; electrical power processors-namely, power amplifiers, inverters, and battery chargers |
| BOSE | 3863254 10/19/2010 | for batteries, communications headsets for use with communication radios, intercom systems, or other communications network transceivers; headphones; headsets for cellular or mobile phones; microphones |
| BOSE | 2288004 10/19/1999 | for computerized on-line retail services in the field of sound reproduction products, and shopping information related thereto |
| BOSE | 5423514 03/13/2018 | for Remote controls for audio or video products, namely, audio speakers, amplifiers, receivers, CD players, MP3 players, audio or video streaming devices, televisions, videocassette players, DVD players, or digital video recorders; Mounts and mounting brackets adapted for audio speakers; Stands adapted for audio speakers; Protective cases and covers for loudspeakers and headphones; Computer application software for mobile phones, tablets or other mobile devices, namely, software for controlling devices that enhance or amplify ambient sounds or mask noise; earphone accessories, namely, earphone cushions, earphone pads, and earphone extension cords; headphone accessories, namely, headphone cushions, headphone pads, and headphone extension cords |
| BOSE | 5717737 04/02/2019 | for cases for eyeglasses and sunglasses that incorporate loudspeakers; eyeglass frames that incorporate loudspeakers; eyewear that incorporates loudspeakers; sunglasses that incorporate loudspeakers |

| Mark | Reg. No.<br>Reg. Date | Goods and Services<br>(Summary) |
|---|---|---|
| **BOSE** | 829402<br>05/30/1967 | for acoustical transducer systems for reproducing sound |
| **BOSE** | 1738278<br>12/08/1992 | for printed matter, namely catalogs, newsletters, and brochures; services and repair of electronic and electro acoustical equipment |
| **B** | 7517625<br>09/24/2024 | for batteries; headphones; loudspeakers; microphones; battery chargers; communications headsets for use with communication radios, intercom systems, or other communications network transceivers; downloadable computer application software for mobile phones, tablets or other mobile devices, namely, software for controlling devices that enhance or amplify sounds; headsets for mobile telephones; mounts and mounting brackets adapted for audio speakers with swiveling bases therefor; remote controls for audio or video products, namely, audio speakers amplifiers, receivers, CD players, MP3 players, audio or video streaming devices, televisions, videocassette players, DVD players, or digital video recorders; soundbar speakers; stands adapted for stereos and audio speakers; protective cases for audio equipment in the nature of loudspeakers and headphones |
| ACOUSTIC NOISE CANCELLING | 2096548<br>09/16/1997 | for headsets for reducing acoustic noise |
| QUIETCOMFORT | 2539951<br>02/19/2002 | for audio and video headsets |
| QC | 3355350<br>12/18/2007 | for headphones and headphone-related accessories, namely, audio cables with |

**COMPLAINT FOR DAMAGES**

| Mark | Reg. No. Reg. Date | Goods and Services (Summary) |
|---|---|---|
| | | built-in microphones and adapters to connect headphones to cell phones |
| SOUNDLINK | 3716864 11/24/2009 | for loudspeaker systems; USB (universal serial bus) hardware |
| OPENAUDIO | 6950596 01/10/2023 | for earphones; eyeglasses; headphones; sunglasses; protective helmets |
| TRIPORT | 3060458 02/21/2006 | for headphones |
| STAYHEAR | 3878139 11/16/2010 | for headphones, headsets, accessories for headphones and headsets, namely removable soft tips for insertion of headphones in the ear |
| WAVE | 1633789 02/05/1991 | for radios, clock radios, compact stereo systems and portable compact disc players |
| A20 | 3905592 01/11/2011 | for communication headsets, intercom systems or other communication network transceivers; earphone accessories, namely earphone cushions, earphone pads, cord management systems, earphone cases, earphone extension cords; headphones; microphones |
| LIFESTYLE | 1622251 11/13/1990 | for loudspeaker systems |
| ACOUSTIMASS | 1478408 03/01/1988 | for loudspeaker systems |

19.     Particularly in light of the success of Plaintiff's products, as well as the recognized outstanding reputation it has gained, BOSE and its products have become targets for unscrupulous individuals and entities who wish to take a "free ride" on the substantial goodwill, reputation, and fame Plaintiff has spent considerable money, effort, and resources to build up in its products and Marks.

B.    <u>DEFENDANTS' WRONGFUL CONDUCT</u>

20.    Defendants use, amongst other things, the Internet online sales website known as www.ebay.com ("eBay") to sell and distribute products, including counterfeit goods bearing Plaintiff's Marks to consumers.  At any given time, there are millions of items listed on eBay for purchase by its registered users.  On eBay, buyers are able to search for products and purchase these products online.

21.    Beginning on a date that is currently unknown to Plaintiff and continuing to the present, Defendants have, without the consent of Plaintiff, offered to sell and sold within the United States (including within this judicial district) goods that were neither made by Plaintiff nor by a manufacturer authorized by Plaintiff (such goods are hereafter referred to as "Counterfeit Goods") using reproductions, counterfeits, copies and/or colorable imitations of one or more of the subject Marks.  On information and belief, Plaintiff further alleges that Defendants imported said Counterfeit Goods into the United States, or encouraged others to import said Counterfeit Goods into the United States, for the purpose of reselling the Counterfeit Goods in the United States.

22.    Defendants maintain and operate a storefront or webpage on eBay under the seller ID "ctjginger." Through this eBay storefront, Defendants regularly and systematically advertised, marketed, distributed and sold products bearing unauthorized BOSE's Marks.  Through such business activities, Defendants purposely derived benefit from their interstate commerce activities by expressly targeting foreseeable purchasers in the State of California. But for Defendants' advertising, soliciting and selling of counterfeit BOSE®-branded products in California, Plaintiff would not have been able to make a purchase of the subject product.

23.    On May 7, 2025, in its ongoing investigation of counterfeit sales of BOSE®-branded products, from the State of California, Plaintiff purchased a "Bose SoundLink Mini II Special Edition Bluetooth Portable Speaker - Silver US"

from Defendants' eBay storefront under the ID "ctjginger" for $154.99.

24.    The products purchased from Defendants were inspected by Plaintiff to determine authenticity. Plaintiff's inspection of the purchased items using security measures confirmed that the items Defendants sold to Plaintiff's investigator were in fact a counterfeit "Bose" branded product.

25.    On May 13, 2025, via USPS Certified Mail and by email, Plaintiff's legal counsel issued a cease-and-desist letter to Defendants MEGA FULLER and CUI, demanding that Defendants immediately stop the use, sale, and distribution of products bearing the Marks; provide a full accounting of its sales and distribution of the Counterfeit Goods; identify their supplier of the Counterfeit Goods; forfeit to BOSE all the Counterfeit Goods, and contact BOSE's counsel to resolve this claim of infringement.

26.    On June 16 and July 7, 2025, Plaintiff's counsel sent two follow-up letters to Defendants demanding again that they cease all infringing activities relating to the Marks.

27.    Defendants failed to comply with BOSE's demands and continued to intentionally and recklessly advertise and sale counterfeit products bearing the Marks.  On October 3, 2025, Plaintiff purchased a "Bose QuietComfort QC35 ii Bluetooth Wireless Over-Ear Headphones – Black Silver" from Defendants' eBay storefront under the ID "ctjginger" for $129.99.

28.    The second product purchased from Defendants was inspected by Plaintiff to determine authenticity.  Plaintiff's inspection of the purchased item using security measures confirmed that the items Defendants sold to Plaintiff's investigators were in fact counterfeit "Bose" products.

29.    On October 15, 2025, via USPS Certified Mail and by email, Plaintiff's legal counsel issued a fourth and final cease-and-desist letter to Defendants MEGA FULLER and CUI, demanding again that Defendants immediately stop their sale of the Counterfeit Goods.

**COMPLAINT FOR DAMAGES**

30.    Defendants continue to advertise, market, offer for sale, and sell counterfeit audio products bearing BOSE's Marks.

31.    Defendants willfully use images and marks identical to Plaintiff's Marks to confuse consumers and to aid in the promotion and sales of their unauthorized and counterfeit product.  Defendants' willful use of Plaintiff's Marks include importing, advertising, displaying, distributing, selling and/or offering to sell unauthorized copies of Plaintiff's BOSE®-branded products.  Defendants' use of Plaintiff's Marks began long after Plaintiff's adoption and use of its trademarks, and after Plaintiff obtained the trademark registrations alleged above.  Plaintiff has not granted Defendants authorization to use its Marks.

32.    Defendants' actions have confused and deceived, or threatened to confuse and deceive, the consuming public concerning the source and sponsorship of the counterfeit BOSE®-branded products sold and distributed by Defendants.  By their wrongful conduct, Defendants have traded upon and diminished Plaintiff's goodwill.   Furthermore, the sale and distribution of Counterfeit Goods by Defendants have infringed upon Plaintiff's federally registered trademarks.

33.    Defendants' offering to sell, selling, importing and encouraging others to import Counterfeit Goods in this manner was and is likely to cause confusion or mistake and/or to deceive consumers who purchase the Counterfeit Goods.

34.    Defendants also offered to sell, sold, imported, and/or encouraged others to import for the purpose of resale within the United States, Counterfeit Goods consisting of reproductions and/or copies of products bearing Plaintiff' Marks.  Defendants did not have BOSE's authorization to use its Marks.

35.    Plaintiff has never authorized or consented to Defendants' use of Plaintiff's BOSE® or other Marks, or any confusingly similar marks, or copied or derivative works by Defendants, nor has Plaintiff authorized Defendants to manufacture, copy, sell, import, market, or distribute any BOSE®-branded product.

## FIRST CAUSE OF ACTION

**(Trademark Infringement Against Defendants MEGA FULLER**
**CORP.; TIANJING CUI; and DOES 1-10, Inclusive)**
**[15 U.S.C. § 1114/*Lanham Act* § 43(a)]**

36.     Plaintiff hereby incorporates by reference each of the other allegations set forth elsewhere in this Complaint as though fully set forth in this cause of action.

37.     Defendants' actions as described herein constitute direct trademark infringement in violation of 15 U.S.C. § 1114(1)(a).

38.     Plaintiff is the exclusive owner of the federally registered Marks in the United States, including many registered trademarks in foreign jurisdictions through the world.

39.     Defendants maintain and operate the ecommerce storefront under the seller ID "ctjginger" on www.ebay.com.  Through this eBay storefront, Defendants regularly and systematically advertised, marketed, distributed and sold products bearing unauthorized BOSE® registered Marks.

40.     On May 7, 2025, Plaintiff purchased a BOSE® SOUNDLINK® speaker for $154.99 from Defendants' listing on their eBay storefront with Seller ID "ctjginger" as follows:



41.     Also, on October 3, 2025, Plaintiff purchased from Defendants' eBay store "ctjginger" a BOSE® QUITECOMFORT® QC35® headphones for $129.99 with the following listing:



42.     The products purchased from Defendants' eBay storefront under the ID "ctjginger" were inspected by Plaintiff to determine authenticity.  Plaintiff's inspection of the purchased items using security measures confirmed that the items Defendants sold to Plaintiff's investigators were in fact counterfeit "Bose" products.

43.     Based on an examination of Defendants' listings of BOSE® branded products on eBay, their price points, and their product description, Plaintiff is informed and believe that Defendants offer for sale, sell, and distribute thousands of units of counterfeit products of various product lines, models, and parts bearing numerous BOSE's Marks.

44.     Defendants' intentional sale of fake, pirated and counterfeit items bearing Plaintiff's Marks is likely to cause confusion, mistake, or to deceive, mislead, betray, and defraud consumers to believe that the substandard imitations are genuine products manufactured by Plaintiff.

45.    Defendants willfully use of images and marks identical to Plaintiff's Marks to confuse consumers and to aid in the promotion and sales of their unauthorized and counterfeit "Bose" products.    Defendants' willful use of Plaintiff's Marks include importing, advertising, displaying, distributing, selling and/or offering to sell unauthorized copies of Plaintiff's BOSE®-branded products. Defendants' use of Plaintiff's Marks began long after Plaintiff's adoption and use of its trademarks, and after Plaintiff obtained the trademark registrations alleged above.    Neither Plaintiff nor any of its authorized agents have consented to Defendants' use of Plaintiff's Marks.

46.    As a proximate result of Defendants' trademark infringement, Plaintiff has been damaged in an amount to be proven at trial.  Further, as a proximate result of Defendants' trademark infringement, Defendants have unlawfully profited in an amount to be proven at trial.

47.    At all relevant times, Defendants acted intentionally and/or willfully in using Plaintiff's Marks on the Counterfeit Goods, knowing that said Marks belong to Plaintiff, that the nature of the products they sold was in fact counterfeit, and that Defendants were not authorized to use Plaintiff's Marks on the Counterfeit Goods.  Plaintiff is therefore entitled to recovery of treble damages pursuant to 15 U.S.C. § 1117(a).  Further, Defendants' knowing, intentional and/or willful actions make this an exceptional case, entitling Plaintiff to an award of reasonable attorney fees pursuant to 15 U.S.C. § 1117(a).

48.    Defendants' actions also constitute the use of one or more "counterfeit mark" as defined in 15 U.S.C. § 1116(d)(1)(B).  Plaintiff therefore reserves the right to elect, at any time before final judgment is entered in this case, an award of statutory damages pursuant to 15 U.S.C. § 1117(c)(1) and/or (2).

49.    The acts of direct trademark infringement committed by Defendants has caused, and will continue to cause, Plaintiff irreparable harm unless they are enjoined by this Court.

## SECOND CAUSE OF ACTION

**(False Designation of Origin and False or Misleading Advertising Against Defendants MEGA FULLER CORP.; TIANJING CUI; and DOES 1-10, Inclusive)**

**[15 U.S.C. § 1125 (a)]**

50.   Plaintiff hereby incorporate by reference each of the other allegations set forth elsewhere in this Complaint as thought fully set forth in this cause of action.

51.   Plaintiff has made two evidentiary purchases from Defendants, has inspected these products for their authenticity, and has determined that Defendants' products are Counterfeit Goods bearing numerous BOSE® Marks.

52.   Plaintiff has also issued four cease-and-desist and follow-up letters to Defendants, by via USPS Certified Mail and email, and Defendants have defied BOSE's rights as the exclusive holder of the Marks by continuing to infringe the Marks through their sell of the Counterfeit Goods.

53.   Defendants' actions as described herein constitute a direct violation of 15 U.S.C. § 1125(a)(1)(A), as such actions are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff and/or as to the origin, sponsorship, and/or approval of such Counterfeit Goods by Plaintiff.

54.   As a proximate result of Defendants' violation as described herein, Plaintiff has been damaged in an amount to be proven at trial.  Further, Plaintiff allege on information and belief that, as a proximate result of Defendants' direct trademark infringement, Defendants have unlawfully profited, in an amount to be proven at trial.

55.    Defendants' acts of violating directly Section 1125 have caused, and will continue to cause, Plaintiff irreparable harm unless they are enjoined by this Court.

## THIRD CAUSE OF ACTION

### (Dilution Against Defendants MEGA FULLER CORP.; TIANJING CUI; and DOES 1-10, Inclusive)

### [15 U.S.C. § 1125(c)]

56.     Plaintiff hereby incorporates by reference each of the other allegations set forth elsewhere in this Complaint as though fully set forth in this cause of action.

57.     Plaintiff's Marks are distinctive and famous within the meaning of the *Lanham Act*.

58.     Plaintiffs have issued four cease and desist and follow-up letters to Defendants, and Defendants continue to wantonly and intentionally traffic the Counterfeit Goods in the stream of commerce.

59.     Upon information and belief, Defendants' unlawful actions began long after Plaintiff's Marks became famous, and Defendants acted knowingly, deliberately and willfully with the intent to trade on Plaintiff's reputation and to dilute Plaintiff's Marks.  Defendants' conduct is willful, wanton, and egregious.

60.     Defendants' intentional sale of fake, pirated and counterfeit items bearing Plaintiff's Marks is likely to cause confusion, mistake, or to deceive, mislead, betray, and defraud consumers to believe that the substandard imitations are genuine products manufactured by Plaintiff.  Defendants' actions complained of herein have diluted and will continue to dilute Plaintiff's Marks, and are likely to impair the distinctiveness, strength and value of Plaintiff's Marks, and injure Plaintiff's business reputation and its Marks.

61.     Defendants' acts have caused and will continue to cause Plaintiff irreparable harm.  Plaintiff has no adequate remedy at law to compensate it fully for the damages that have been caused and which will continue to be caused by Defendants' unlawful acts, unless they are enjoined by this Court.

62.     As the acts alleged herein constitute a willful violation of section 43(c) of the *Lanham Act*, 15 U.S.C. § 1125(c), Plaintiff is entitled to injunctive relief as

well as monetary damages and other remedies provided by 15 U.S.C. §§ 1116, 1117, 1118, and 1125(c), including Defendant's profits, treble damages, reasonable attorney's fees, costs and prejudgment interest.

## FOURTH CAUSE OF ACTION

### (Unfair Competition Against Defendants MEGA FULLER CORP.; TIANJING CUI, and DOES 1-10, Inclusive)

### *California Business and Professions Code § 17200 et seq.*

63.     Plaintiff hereby incorporates by reference each of the other allegations set forth elsewhere in this Complaint as thought fully set forth in this cause of action.

64.     Defendants' actions described herein constitute unlawful, unfair and/or fraudulent business acts or practices.  Defendants' actions thus constitute "unfair competition" pursuant to *California Business and Professions Code § 17200*.

65.     As a proximate result of Defendants' actions, Plaintiff has suffered an injury in fact, including without limitation, damages in an amount to be proven at trial, loss of money or property, and diminution in the value of its Marks.  Plaintiff therefore has standing to assert this claim pursuant to *California Business and Professions Code § 17204*.

66.     Defendants' actions have caused, and will continue to cause Plaintiff to suffer irreparable harm unless enjoined by this Court pursuant to *California Business and Professions Code § 17203*.  In addition, Plaintiff requests that the Court order that Defendants disgorge all profits wrongfully obtained as a result of Defendants' unfair competition, and order that Defendants pay restitution to Plaintiff in an amount to be proven at trial.

/ / /

/ / /

/ / /

**FIFTH CAUSE OF ACTION**

**(Declaratory Relief Against Defendants MEGA FULLER CORP.;**

**TIANJING CUI; and DOES 1-10, Inclusive)**

67.     Plaintiff hereby incorporates by reference each of the other allegations set forth elsewhere in this Complaint as thought fully set forth in this cause of action.

68.     Defendants' actions as described herein constitute direct trademark infringement in violation of 15 U.S.C. § 1114(1)(a); direct violation of 15 U.S.C.§ 1125(a)(1)(A); have diluted and will continue to dilute Plaintiff's Marks; and are unlawful, unfair and/or fraudulent business acts or practices under California law.

69.     An actual controversy has manifested in that Defendants will continue to infringe on Plaintiff's Marks unless their actions are declared unlawful and enjoined by the Court.

70.     Plaintiff requests judicial determination that Defendants have committed the aforementioned acts; that Plaintiff has no adequate remedy at law; that there is a present controversy between Plaintiff and Defendants for which a declaratory judgment should be entered to determine that Defendants' conduct constitutes infringement of Plaintiff's Marks pursuant to 15 U.S.C. §§ 1114(1)(1) and 1125(a)(1)(A), that such conduct diluted and will continue to dilute Plaintiff's Marks, and that such conduct by Defendant constitutes unlawful, unfair and/or fraudulent business acts or practices.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff hereby respectfully requests the following relief against Defendants MEGA FULLER CORP.; TIANJING CUI, and DOES 1-10, inclusive, and each of them as follows:

1.     For an award of Defendants' profits and Plaintiff's damages in an amount to be proven at trial for trademark infringement under 15 U.S.C. § 1114(a);

2.     For an award of Defendants' profits and Plaintiff's damages in an amount to be proven at trial for false designation of origin and unfair competition

under 15 U.S.C. § 1125(a);

3.     For an award of Defendants' profits and Plaintiff's damages in an amount to be proven at trial for trademark dilution under 15 U.S.C. § 1125(c);

4.     In the alternative to actual damages and Defendants' profits for the infringement and counterfeiting of Plaintiff's Marks pursuant to the *Lanham Act*, for statutory damages pursuant to 15 U.S.C. § 1117(c), which election Plaintiff will make prior to the rendering of final judgment;

5.     Pursuant to 15 U.S.C. § 1117(b), for three times Defendants' profits or Plaintiff's damages, whichever amount is greater, together with a reasonable attorney's fees and costs;

6.     For statutory damages of $2,000,000.00 per counterfeit mark per type of goods and services sold, offered for sale, or distributed by Defendants, pursuant to 15 U.S.C. § 1117(c)(2);

7.     For restitution in an amount to be proven at trial for unfair, fraudulent and illegal business practices under *California Business and Professions Code* § 17200;

8.     For an injunction by this Court prohibiting Defendants from engaging or continuing to engage in the unlawful, unfair, or fraudulent business acts or practices described herein, including the advertising and/or dealing in any counterfeit product; the unauthorized use of any mark or other intellectual property right of Plaintiff; acts of trademark infringement or dilution; false designation of origin; unfair competition; and any other act in derogation of Plaintiff's rights;

9.      For an order from the Court requiring that Defendants provide complete accountings and for equitable relief, including that Defendants disgorge and return or pay their ill-gotten gains obtained from the illegal transactions entered into and or pay restitution, including monies that should have been paid if Defendants complied with their legal obligations, or as equity requires;

10.     For an order from the Court that an asset freeze or constructive trust be imposed over all monies and profits in Defendants' possession which rightfully belong to Plaintiff'; for an order from the Court preventing Defendants' transferring or disposing of any money or tangible assets until further order from the Court; for an order from the Court such that any banks, savings and loan associations, credit unions, credit card payment processors, merchant accounts, or other financial institutions, shall immediately locate all accounts connects to Defendants and shall be restrained and enjoined from transferring or disposing of any money or other tangible assets of Defendants until further order from this Court;

11.     For an award of exemplary or punitive damages in an amount to be determined by the Court;

12.     For Plaintiff' reasonable attorney's fees;

13.     For all costs of suit; and

14.     For such other and further relief as the Court may deem just and equitable.

## **DEMAND FOR JURY TRIAL**

Plaintiff BOSE CORPORATION respectfully demands a trial by jury in this action.


DATED:  December 2, 2025          CRITERION COUNSEL,
                                  LAW CORPORATION


                                  By: _____
                                  Christopher Q. Pham
                                  Marcus F. Chaney
                                  Attorneys for Plaintiff
                                  BOSE CORPORATION

**COMPLAINT FOR DAMAGES**